# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE DEE WILLIAMS, | 1:08-cv-01283-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| JAMES MORA, et al., | (Doc. 1) |
| Defendants. | |

I.  Screening Order

Plaintiff Lawrence Dee Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 29, 2008.  (Doc. 1.)  On September 8, 2008, Plaintiff consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).  (Doc. 7.)  Plaintiff is seeking injunctive relief arising out of the alleged violation of his constitutional rights by his parole agent.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez,

1  411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090
2  (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment,
3  "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,
4  expunged by executive order, declared invalid by a state tribunal authorized to make such
5  determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28
6  U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that
7  relationship to a conviction or sentence that has not been so invalidated is not cognizable under §
8  1983." Id. at 488.

9       Plaintiff is challenging harassment and false statements made by his parole officer which
10 allegedly caused plaintiff to be incarcerated three times while under the parole officer's supervision
11 during the past year. Because Plaintiff is currently incarcerated and serving a sentence, plaintiff may
12 not at this time bring a civil rights action arising from false information which he contends caused
13 his incarceration. Plaintiff's sole remedy is to file a petition for writ of habeas corpus. As for
14 plaintiff's claims of harassment, verbal harassment or abuse alone is not sufficient to state a
15 constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th
16 Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d
17 923, 925 (9th Cir. 1987). Therefore, plaintiff fails to state a claim for harassment under section
18 1983. The court finds that the deficiencies outlined above are not capable of being cured by
19 amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll
20 v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

21      Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to state a
22 claim upon which relief may be granted under section 1983.

24  IT IS SO ORDERED.

25  Dated:   **November 10, 2008**          /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE